UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.:

YWAIDREE MACHIN-QUIRANTES
and similarly, situated individuals,

    Plaintiff,

vs.

UNITED HEALTHCARE SERVICES, INC.,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, YWAIDREE MACHIN-QUIRANTES, (hereinafter "QUIRANTES"), sues Defendant, UNITED HEALTHCARE SERVICES, INC. (hereinafter "UNITED" or "Defendant") "by and through the undersigned counsel, hereby files and serves the instant Complaint and states:

1.     QUIRANTES, brings this action under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., (hereinafter "the Act") to recover unpaid back wages, and an additional equal amount as liquidated damages, reasonable attorneys' fees and costs and other damages associated with a claim for retaliatory discharge with regard to QUIRANTES. QUIRANTES also brings this action pursuant to the Americans with Disabilities Act (ADA), Title VII of the Civil Rights Act of 1964 (Title VII) and the Florida Whistleblower Act.

2.     Jurisdiction of this action is conferred upon the court by section 16 (b) of the Act, 29 U.S.C. § 216 (b).

3.     All acts or omissions giving rise to this dispute took place in the Southern District

of Florida.

## **PARTIES**

4. QUIRANTES, is an individual, a resident of Miami-Dade County, Florida, and was an employee of UNITED from in or about August 2011 through April 14, 2016.

5. At all times material to this Complaint, QUIRANTES was an employee of UNITED who was non-exempt from the overtime provisions of the Act.

6. UNITED is a Minnesota corporation doing business in Broward County, Florida at all times relevant to this Complaint. Its principal place of business is in Minnesota.

7. QUIRANTES was engaged in commerce or the production of goods for commerce within the meaning of Section 3(b) and (j), respectively, of the Act, 29 U.S.C. § 203(b) and (j), while working for UNITED and at all times material to this Complaint.

8. The gross revenues for UNITED exceeded $500,000 for each year that QUIRANTES worked for UNITED.

9. Upon information and belief, UNITED regularly orders and ordered goods and materials that come from outside the State of Florida and has done so throughout entire time of QUIRANTES's employ.

10. Upon information and belief, UNITED regularly orders and ordered goods and materials that come from outside the State of Florida and has done so throughout entire time of QUIRANTES's employ.

11. By reason of the foregoing, UNITED was, during all times hereinafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in Section 3(r) of the Act, 29 U.S.C. § 203(r) and 203(s).

12. UNITED was, during all times hereinafter mentioned, an "employer" within the meaning of the ADA, Title VII and the Florida Whistleblower Act.

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

13. QUIRANTES filed a charge of discrimination with the EEOC on February 8, 2017.

14. The EEOC issued a right-to sue notice on March 15, 2017 (Ex. B).

15. All conditions precedent to filing suit have been met or have been waived.

16. All administrative prerequisites to filing suit have been met or have been waived.

## FACTUAL ALLEGATIONS

17. UNITED is the health care services business.

18. QUIRANTES worked for UNITED as a case manager or field care coordinator.

19. In this capacity, QUIRANTES's primary duties included making in-home visits to obtain participants' answers to standardized medical questionnaires and inputting data from those questionnaires into UNITED's automated system. QUIRANTES's job duties were routine and rote and did not include the exercise of discretion and independent judgment with respect to matters of significance. QUIRANTES met with members in their homes, assisted living facilities, nursing homes, rehabs, hospitals and adult day cares.

20. QUIRANTES performed non-clinical assessments using a tool with pre-defined response options for the identification, evaluation, coordinate and management of members' needs, non-clinical long term service, and support needs. QUIRANTES did not have the authority to authorize services, and instead another manager would authorize such serves using the information QUIRANTES gathered and inputted into the system that contained pre-defined responses.

21. QUIRANTES routinely worked over 40 hours per week. However, she was not properly paid overtime for all hours worked in excess of 40 hours every week in which she worked. UNITED knew that QUIRANTES worked in excess of 40 hours per week and allowed and directed her to do so. Instead, QUIRANTES was paid primarily a salary for her work and was not paid overtime pay for her hours of overtime work.

22. QUIRANTES is entitled to receive overtime pay for all the hours worked in excess of 40 per workweek. UNITED were aware of the FLSA's overtime requirements, received complaints regarding the excessive hours and insufficient pay from QUIRANTES, but chose not to pay overtime.

23. UNITED willfully misclassified QUIRANTES and similarly situated employees as exempt and refused to pay overtime.

24. QUIRANTES' complained about not being paid overtime on more than one occasion and was fired as a result.

25. QUIRANTES complained to her supervisor, Meryem Bourouis, Manager, Case Management, Joseph Taylor, Interim Health Services Director and Lorie Lairston, Senior Health Services Director for Florida about not being paid overtime. Her last complaint was approximately one month before her termination.

26. UNITED's Long-Term Care (LTC) Managed Care Program with the Agency for Health Care Administration (ACHA) required that case managers have a certain number of cases assigned to each case manager. According to the contract, the caseload for case managers was not to exceed a ratio of sixty (60) enrollees to one case manager for enrollees that reside in the community and not more than one-hundred (100) for enrollees residing in nursing homes. QUIRANTES was assigned a larger number than the contract's limits. UNITED underreported

the number of cases that she and other case managers were assigned in monthly reports to ACHA. QUIRANTES complained about this to Bourouis, Taylor and Lairston. QUIRANTES complained on more than one occasion that UNITED was altering the reports. Her last complaint about this was approximately one month before her termination.

27. QUIRANTES was given an increased workload due to her complaints.

28. QUIRANTES made it known to her supervisor, Bourouis, that she suffered from anxiety and depression. QUIRANTES was then told to "toughen up" to "get over it" and "you may not be cut out for this" in reference to her anxiety and depression for which she was on medication.

29. QUIRANTES then complained to UNITED's human resources department.

30. QUIRANTES' supervisor, Bourouis, also perceived that QUIRANTES was homosexual because she did not fit within her supervisor's stereotypes regarding gender. Bourouis also repeatedly asked QUIRANTES about the fact that she lived with a female friend and even once asked the friend and QUIRANTES how they were related. Bourouis also repeatedly asked QUIRANTES why she did not have a boyfriend. Bourouis also ordered QUIRANTES on one occasion to go into a neighborhood that Bourouis described as a "rough neighborhood" to see a member assigned to another female employee because, according to Bourouis, the other female was more "bubbly," "girlieish" and a "fashionista" in comparison to QUIRANTES.

31. QUIRANTES complained to Hairston about the gender stereotyping and that she was being treated differently because of her anxiety and depression prior to her termination. QUIRANTES told Hairston about her supervisor's comments that she was perceived as not being able to do her job. QUIRANTES also reported her supervisor's perception that she could not do her job to human resources.

32. QUIRANTES was terminated as a result of her complaints, and/or her nonconformity with traditional gender stereotypes, and/or because of a perception that she could not do her job and that her ability to work was substantially impaired because of anxiety and depression.

## COUNT I -- VIOLATION OF FAIR LABOR STANDARDS ACT
## (FAILURE TO PAY OVERTIME WAGES)

33. Federal law, 29 U.S.C. §207(a)(1), states that "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at a rate of at least one and a half times the employee's regular rate."

34. At all times since the three years preceding the filing of this Complaint, UNITED willfully employed QUIRANTES and similarly situated individuals in the aforesaid enterprise, in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce as described above, for many workweeks longer than 40 hours, and failed and refused to compensate QUIRANTES for such work in excess of 40 hours at rates not less than one and one-half times the regular rate at which she was employed, contrary to the provisions of Section 7(a) of the Act, 29 USC § 207(a).

35. UNITED is an employer under the Act.

36. UNITED willfully and intentionally failed to pay QUIRANTES and similarly situated individuals the statutory overtime rate as required by the laws of the United States as set forth above and remains owing their back wages.

37. As a result of the under payments of wages alleged above, UNITED is indebted to QUIRANTES and similarly situated individuals in the amount of the unpaid overtime

compensation. UNITED indebted to QUIRANTES and similarly situated individuals in the amount of the unpaid overtime compensation. QUIRANTES and similarly situated individuals propose to obtain the necessary records and information to determine the amount of the underpayment to QUIRANTES and similarly situated individuals by appropriate discovery proceedings to be promptly taken in this cause.

WHEREFORE, QUIRANTES and similarly situated individuals demand judgment against both UNITED. QUIRANTES and similarly situated individuals also ask that the Court or jury award all such legal and/or equitable relief that will effectuate the purpose of the Act including, but not limited, to back pay and prejudgment interest, liquidated damages, reasonable attorney fees, pursuant to the Act, 29 U.S.C. § 216 (b), along with court costs, witness fees and other miscellaneous costs of the litigation, and any other relief that this court finds will reasonable under the circumstances.

## COUNT II – <br> FLSA RETALIATION

38. UNITED is motivated in its unequal treatment of QUIRANTES because of her complaint(s) of unpaid overtime wages, including her consent to be a party QUIRANTES in an FLSA lawsuit.

39. UNITED through the actions of their agents, have violated the FLSA, 29 U.S.C. § 215 (a)(3).

40. UNITED' actions were intentional or were taken with reckless disregard of QUIRANTES's rights under the FLSA.

WHEREFORE, QUIRANTES asks this Court to grant the following relief:

a. Issue a declaratory judgment finding that UNITED' conduct toward QUIRANTES violated the FLSA;

b. Enjoin and restrain UNITED and all other persons acting on behalf of, or in concert with them, from engaging in such unlawful practices;

c. Enter judgment in favor of QUIRANTES and against UNITED for back pay in the amount of wages and fringe benefits it is determined that QUIRANTES has lost as a result of UNITED' unlawful conduct, together with prejudgment interest from the date of the violations;

d. Enter judgment in favor of QUIRANTES and against UNITED for compensatory damages (pecuniary and non-pecuniary damages, pain and suffering, etc.), and liquidated damages together with pre-judgment interest;

e. Award QUIRANTES a reasonable attorney's fee, pursuant to 29 U.S.C. § 216 together with costs of this action; and

f. Award such other and further legal and equitable relief as may be appropriate to redress fully the deprivation of QUIRANTES' rights, to prevent reoccurrence of similar acts in the future and to protect UNITED' other employees from such unlawful behavior.

## COUNT III

## VIOLATION OF THE ADA

41. UNITED was motivated in its unequal treatment of QUIRANTES because of its perception that or she was regarded as being disabled in that UNITED perceived that her ability to work was substantially impaired, in violation of the Americans with Disabilities Act (ADA) in violation of 42 U.S.C. § 12112.

42. UNITED's actions were intentional or were taken with reckless disregard of QUIRANTES's rights under the ADA.

WHEREFORE, QUIRANTES asks this Court to grant the following relief:

a. Issue a declaratory judgment finding that: UNITED's conduct toward QUIRANTES violated the ADA;

b. Enjoin and restrain UNITED and all other persons acting on behalf of, or in concert with them, from engaging in such unlawful practices;

c. Enter judgment in favor of QUIRANTES and against UNITED for backpay in the amount of wages and fringe benefits it is determined that QUIRANTES has lost as a result of UNITED's unlawful conduct, together with prejudgment interest from the date of the violations

d. Enter judgment in favor of QUIRANTES and against UNITED for pecuniary and non-pecuniary compensatory damages together with pre-judgment interest pursuant to 42 U.S.C. §12117 and 42 U.S.C. § 1981a;

e. Award QUIRANTES punitive damages pursuant to 42 U.S.C. §12117 and 42 U.S.C. § 1981a;

f. Award QUIRANTES a reasonable attorney's fee, pursuant to 42 U.S.C. §12117 and 42 U.S.C. § 1981a together with costs of this action; and

g. Award such other and further legal and equitable relief as may be appropriate to redress fully the deprivation of Plaintiff QUIRANTES's rights, to prevent reoccurrence of similar acts in the future and to protect Defendants' other employees from such unlawful behavior.

## COUNT IV

## ADA Retaliation

43. UNITED was motivated in its unequal treatment of QUIRANTES because of her complaints or opposition to unlawful discrimination with regard to its perception that she was disabled, in violation of the Americans with Disabilities Act (ADA) in violation of 42 U.S.C. § 12203.

44. UNITED's actions were intentional or were taken with reckless disregard of QUIRANTES's rights under the ADA.

WHEREFORE, QUIRANTES asks this Court to grant the following relief:

h. Issue a declaratory judgment finding that: UNITED's conduct toward QUIRANTES violated the ADA;

i. Enjoin and restrain UNITED and all other persons acting on behalf of, or in concert with them, from engaging in such unlawful practices;

j. Enter judgment in favor of QUIRANTES and against UNITED for backpay in the amount of wages and fringe benefits it is determined that QUIRANTES has lost as a result of UNITED's unlawful conduct, together with prejudgment interest from the date of the violations

k. Enter judgment in favor of QUIRANTES and against UNITED for pecuniary and non-pecuniary compensatory damages together with pre-judgment interest pursuant to 42 U.S.C. §12117 and 42 U.S.C. § 1981a;

l. Award QUIRANTES punitive damages pursuant to 42 U.S.C. §12117 and 42 U.S.C. § 1981a;

m.  Award QUIRANTES a reasonable attorney's fee, pursuant to 42 U.S.C. §12117 and 42 U.S.C. § 1981a together with costs of this action; and

n.  Award such other and further legal and equitable relief as may be appropriate to redress fully the deprivation of Plaintiff QUIRANTES's rights, to prevent reoccurrence of similar acts in the future and to protect Defendants' other employees from such unlawful behavior.

## COUNT V

## VIOLATION OF TITLE VII

45. UNITED was motivated in its unequal treatment of QUIRANTES because of her nonconformity to traditional gender stereotypes in violation of Sections of Title VII, 42 U.S.C. §§ 2000e-2(a).

46. UNITED's actions were intentional or were taken with reckless disregard of QUIRANTES's rights under Title VII.

WHEREFORE, QUIRANTES asks this Court to grant the following relief:

o.  Issue a declaratory judgment finding that: UNITED's conduct toward QUIRANTES violated Title VII;

p.  Enjoin and restrain UNITED and all other persons acting on behalf of, or in concert with them, from engaging in such unlawful practices;

q.  Enter judgment in favor of QUIRANTES and against UNITED for backpay in the amount of wages and fringe benefits it is determined that

QUIRANTES has lost as a result of UNITED's unlawful conduct, together with prejudgment interest from the date of the violations

r. Enter judgment in favor of QUIRANTES and against UNITED for pecuniary and non-pecuniary compensatory damages together with pre-judgment interest pursuant to 42 U.S.C. § 1981a;

s. Award QUIRANTES punitive damages pursuant to 42 U.S.C. § 1981a;

t. Award QUIRANTES a reasonable attorney's fee, pursuant to 42 U.S.C. § 1981a together with costs of this action; and

u. Award such other and further legal and equitable relief as may be appropriate to redress fully the deprivation of Plaintiff QUIRANTES's rights, to prevent reoccurrence of similar acts in the future and to protect Defendants' other employees from such unlawful behavior.

## COUNT VI
### VIOLATION OF TITLE VII (Retaliation)

47. UNITED was motivated in its unequal treatment of QUIRANTES because of her complaints or opposition to unlawful discrimination due to nonconformity to traditional gender stereotypes in violation of Sections of Title VII, 42 U.S.C. §§ 2000e-3.

48. UNITED's actions were intentional or were taken with reckless disregard of QUIRANTES's rights under Title VII.

WHEREFORE, QUIRANTES asks this Court to grant the following relief:

v. Issue a declaratory judgment finding that: UNITED's conduct toward QUIRANTES violated Title VII;

w.  Enjoin and restrain UNITED and all other persons acting on behalf of, or in concert with them, from engaging in such unlawful practices;

x.  Enter judgment in favor of QUIRANTES and against UNITED for backpay in the amount of wages and fringe benefits it is determined that QUIRANTES has lost as a result of UNITED's unlawful conduct, together with prejudgment interest from the date of the violations

y.  Enter judgment in favor of QUIRANTES and against UNITED for pecuniary and non-pecuniary compensatory damages together with pre-judgment interest pursuant to 42 U.S.C. § 1981a;

z.  Award QUIRANTES punitive damages pursuant to 42 U.S.C. § 1981a;

aa.  Award QUIRANTES a reasonable attorney's fee, pursuant to 42 U.S.C. § 1981a together with costs of this action; and

bb.  Award such other and further legal and equitable relief as may be appropriate to redress fully the deprivation of Plaintiff QUIRANTES's rights, to prevent reoccurrence of similar acts in the future and to protect Defendants' other employees from such unlawful behavior.

## COUNT VII

## FLORIDA WHISTLEBLOWER ACT

49.  The FWPA, pursuant to §448.102(1), prohibits an employer from taking a retaliatory personnel action against an employee because the employee has complained to a state agency or, pursuant to §448.102(3), has objected to, or refused to participate in, any activity, policy or practice of the employer, which is in violation of any law, rule or regulation.

13

50. The conduct of UNITED's management, violated Florida regulations concerning ACHA, Title VII, the ADA and the FLSA, or QUIRANTES had a good faith belief that such laws were violated.

51. QUIRANTES engaged in statutorily protected conduct within the meaning of the FWPA.

52. QUIRANTES' termination constitutes a "retaliatory personnel action" under section 448.101(5) of the FWPA.

53. QUIRANTES's statutorily protected conduct under the FWPA was casually connected to UNITED's decision to terminate her.

54. As a result of UNITED's violation of the FWPA, QUIRANTES has been damaged.

55. Plaintiff is entitled to recover her attorney's fees pursuant to Section 448.104, Florida Statutes and all other damages afforded under the Florida Whistleblower Act including backpay, front pay and compensatory damages.

## JURY DEMAND

QUIRANTES demands trial by jury on all issues so triable.

Respectfully submitted,

GARY A. COSTALES, P.A.
1200 Brickell Avenue, Suite 1440
Miami, Florida 33131
(305) 375-9510
(305) 375-9511 (facsimile)

/s Gary A. Costales
Gary A. Costales, Esq.

Florida Bar No. 0948829